TRENK, DiPASQUALE
DELLA FERA & SODONO, P.C.
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052-3320
(973) 243-8600
Joshua H. Raymond
Special Bankruptcy Counsel for the City of Linden

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| RAYMOND l. HAYES, | Case No. 16-28043(VFP) |
| Debtor. | Hearing Date: **June 1, 2017**<br>Hearing Time: **11:00 a.m.** |

## APPLICATION IN SUPPORT OF THE MOTION TO AUTHORIZE THE CITY OF LINDEN TO SELL TAX SALE CERTIFICATE

The City of Linden (the "City"), by and through its special bankruptcy counsel, Trenk, DiPasquale, Della Fera & Sodono, P.C., respectfully states and alleges as follows:

1. On September 20, 2016, Raymond L. Hayes ("Debtor") filed a voluntary Chapter 13 petition ("Petition Date").

2. The Debtor owns certain real property located at 906 East Baltimore Avenue, Linden, New Jersey 07036 (the "Property").

3. The Debtor owes municipal charges to the City in the total amount of $577.08 with interest and fees through June 9, 2017.

4. The collection of real estate taxes and other municipal charges is an essential component of the City's functions. Real estate taxes and municipal charges are used for basic health, safety and welfare provisions including police, fire, safety, parks and recreation as well as

for education and for obligations due to the City. Without the prompt collection of real estate taxes and other municipal charges, the City's ability to budget and provide essential services for its residents is severely impacted.

5. New Jersey state law authorizes the Tax Collector to conduct a sale of tax certificates concerning real estate tax arrearages. N.J.S.A. § 54:5-19.

6. Pursuant to her statutory authority, Stacey Carron, Tax Collector for the City (the "Tax Collector") has scheduled a tax sale for June 9, 2017. This includes all delinquent real estate tax and municipal lien obligations within the City.

7. The Tax Collector requests the Court to enter an order lifting the automatic stay to allow the sale of a tax certificate with regard to the Debtors' arrearages due and owing to the City at the time of such sale.

8. Courts in this District have granted municipalities relief from the automatic stay to sell tax sale certificates. In Matter of Henry, 173 B.R. 878 (Bankr. D.N.J. 1993), the Court granted a municipality's motion for relief from the automatic stay to sell a tax sale certificate. The Court granted stay relief under Bankruptcy Code § 362(d)(1) for cause which it determined was the debtor's inability to pay its administrative tax claim to the municipality at that point in time. Id. at 882. The Henry Court noted "the crucial importance of real estate taxes to the overall functioning of the municipal government." Id. at 883.

9. Similarly, in In re Formisano, 148 B.R. 217 (Bankr. D.N.J. 1992), the Court retroactively annulled the automatic stay to validate a municipality's sale of a tax sale certificate to an individual who had purchased a tax sale certificate from a municipality without knowledge of the pending bankruptcy case. The Court noted that the sale of a tax sale certificate does "not create a scramble for the debtor's assets. Rather there was a transfer of a lien from the

[municipality] to [the individual who acquired the tax sale certificate] which will accrue interest at a lower rate than if the [municipality] held the lien." Id. at 225. Accordingly, the Formisano Court retroactively annulled the automatic stay as it related to the municipality's sale of a tax sale certificate.

**WHEREFORE**, the City respectfully requests the Court to enter an Order authorizing the City of Linden to sell the tax sale certificate, and granting such other and further relief as the Court deems just and equitable.

> **TRENK, DiPASQUALE,**
> **DELLA FERA & SODONO, P.C.**
> Special Bankruptcy Counsel for the City of Linden
>
> By: /s/ Joshua H. Raymond
>     Joshua H. Raymond

Dated: April 24, 2017

4835-0176-5447, v. 1